# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| CYNTHIA ANN GONZALEZ, | § | |
|     Plaintiff, | § | |
| v. | § | NO. 3:17-CV-00098-RFC |
| | § | |
| NANCY A. BERRYHILL, | § | |
| **Acting Commissioner of Social Security,** | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for this district.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

## PROCEDURAL HISTORY

On February 15, 2013, Plaintiff filed her application for SSI benefits wherein she alleged a disability onset date of January 28, 2009. (R:176)[1] The date was subsequently amended to February 15, 2013. (R:64) Her application was denied initially and on reconsideration. After conducting a hearing on April 21, 2015, the Administrative Law Judge ("ALJ") issued a decision on August 3, 2015, denying benefits. (R:13-24) At step one, the ALJ determined that Plaintiff had not engaged

---

[1] Reference to the record of administrative proceedings is designated by (R:[page number(s)]). Reference to the pleadings is designated by (Doc.[docket number]:[page number(s)]).

in substantial gainful activity since February 15, 2013. (R:15) At the second step, the ALJ determined that Plaintiff had one severe impairment–intellectual disability. (R:15) He found that her conditions regarding her thyroid, liver and ovarian cysts/tumors, goiter, anemia, osteoarthritis, loss of vision in one eye, fatigue, and abdominal pain were non-severe impairments. (R:15) He next concluded, at step three, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:17) He further determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: the full range of unskilled work (work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time), but she must only occasionally be required to understand, remember and complete detailed instructions because she has marked limitations in this area; her supervision must be simple, direct and concrete, where interpersonal contact with supervisors and coworkers must be incidental to the work performed, e.g.[2], assembly work; she must not be required to work at fast-paced production line speeds; she should have only occasional workplace changes; and she has no limitations regarding public contact. (R:19) At step four the ALJ concluded that Plaintiff had no past relevant work. (R:23) At step five, the ALJ concluded that based on Plaintiff's age, education, work experience, RFC, and considering vocational expert ("VE") testimony, there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.*) Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (R:24)

---

[2] Although the ALJ's decision uses "i.e.," in context, it appears the ALJ meant "e.g." (*See* R:19)

**ISSUES**

Plaintiff presents the following issues for review:

1) whether the ALJ applied the incorrect severity standard; and

2) whether the ALJ's RFC finding is supported by substantial evidence. (Doc. 17:2)

Plaintiff contends that the ALJ's disability determination is the result of legal error and is not supported by substantial evidence. Consequently, she seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc. 17:10)

**DISCUSSION**

**I. Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Once the Commissioner makes the requisite showing at step five, the burden shifts back to the Plaintiff to rebut the finding that there are jobs that exist in significant numbers that the Plaintiff could perform. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564.

## III. Determination of the Severity of Plaintiff's Impairments

Plaintiff argues that the ALJ committed legal error by failing to apply the correct legal standard to determine the severity of her impairments. Further, she argues that the ALJ's findings are not supported by substantial evidence. She contends that remand is required pursuant to *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

4

Under the Regulations, a severe impairment is any impairment or combination of impairments which significantly limits one's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). In *Stone*, the Fifth Circuit held that a literal application of the regulation would be inconsistent with the Social Security Act, because it would deny benefits to individuals who are disabled under the statute. *Stone*, 752 F.2d at 1104-05. Therefore, the Court held that an impairment is considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id*. at 1101.

The Court further held that it would "assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Id*. at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" to determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Unless the correct standard is used, the claim must be remanded. *Id*.

More recently, the Fifth Circuit has held that any error by the ALJ in failing to follow the procedures set out in *Stone* does not require remand, unless the substantial rights of the claimant were affected by the error. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (*per curiam*). Remand is not required where substantial evidence supports the ALJ's finding of non-severity. *Id.* Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

Plaintiff contends that the evidence of record fails to support a finding that additional impairments are "not severe." She argues that the ALJ's application of an incorrect severity standard may have led to an improper determination at step three, which culminated in prejudice to Plaintiff's disability claim.

In this case, the ALJ expressly referenced the traditional *Stone* standard. (R:15 ("a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education, or work experience")) He also referenced a slight variation of the traditional *Stone* standard, which has been approved by the Fifth Circuit in an unpublished opinion. (R:15); *Brunson v. Astrue*, 387 Fed.Appx. 459, 461, 2010 WL 2802372, at *2 (5th Cir. July 16, 2010) (*per curiam*) ("substantial evidence in the record supports the ALJ's conclusion that Mr. Brunson's back pain did not impose *more than a minimal effect* on his ability to engage in basic work-related activities during the relevant period"). Prior to *Brunson,* this particular *Stone* interpretation had been frowned upon by courts in this district. *See, e.g., Rangel v. Astrue*, 605 F.Supp. 2d 840, 850-51 (W.D. Tex. 2009). Unfortunately, the ALJ also referenced standards which clearly run afoul of *Stone.* In his findings of fact and conclusions of law, he declared that "a non-severe impairment is an impairment that does not cause significant limitations in the claimant's ability to function." (R:15) In the same section, he concluded that the credible medical evidence did not support a finding that any of Plaintiff's conditions, either individually, or collectively had caused Plaintiff to have "significant functional limitations in work-like activities." *(Id.)* Neither of these standards adhere to *Stone*. Based on a thorough review of the ALJ's opinion, it is not at all clear what standard the ALJ employed in determining whether Plaintiff's impairments were severe. This stark ambiguity regarding whether the correct legal

standard was used must be resolved at the administrative level. *See, e.g., Craabeek v. Astrue*, No. 710-CV-054-BK, 2011 WL 539132, * 6 (N.D. Tex. Feb. 7, 2011). The Court finds that the ALJ erred in arriving at his step two determination in this case.

In terms of harmless error, Plaintiff argues, to which argument the Commissioner has failed to respond, that this case is one where the conclusion can depend upon the severity of her impairments at step two. (Doc.17:7) Had the ALJ clearly applied the *Stone* standard and another of Plaintiff's impairments been determined to be severe at step two, it is conceivable that Plaintiff could have been found disabled by meeting Listing 12.05(C). *See* 20 C.F.R. Part 404, Subpart P., Appendix 1, §12.05(C) (2008). To be found disabled pursuant to Listing 12.05(C), Plaintiff must have a valid verbal, performance, or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitations of function. (*Id.*) The record supports the existence of such IQ scores. (R:486, 487, 554, 577). In other circuits, the next part of Listing 12.05(C) is presumed to have been met if an additional impairment has been found to be severe at step two. *Nieves v. Secretary of Health & Human Services,* 775 F.2d 12, 14 n.7 (1st Cir. 1985) ("A claimant satisfies the second half of the Sec. 12.05(C) test if he or she has a severe impairment under Sec. 404.1520(c)); *see also Edwards v. Heckler*, 736 F.2d 625, 630 (11th Cir. 1984). The Court is aware that the mental retardation requirement of Listing 12.05(C) must still be met and that the Fifth Circuit has never expressly adopted the position of these other circuits. Nevertheless, this case is not one where it is inconceivable that a different administrative conclusion would have been reached absent the error. Hence, the Court concludes that the error is not harmless.

Since remand is required pursuant to the ALJ's legal error at Step Two, the Court will not consider the remaining issues for review. Upon remand, the Commissioner is ordered to not only

7

apply the *Stone* standard, but also to apply it unambiguously. Depending on the results of said application, the ALJ should then decide how to proceed through the rest of the sequential steps of the disability determination process.

## **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**SIGNED and ENTERED on October 11, 2017.**

_____
**ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE**